# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | |
|---|---|
| SPAY, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   **C.A. No. 2020-0540-JRS** |
| | ) |
| STACK MEDIA INC. k/n/a JCL2011, | ) |
| INC., NICK PALAZZO, P. JEFFREY | ) |
| LUCIER TRUST, PETER JOHNSON, | ) |
| CHAD ZIMMERMAN, CARL | ) |
| MEHLHOPE, JOSH STAPH, | ) |
| GRAVITAS SECURITIES, INC. | ) |
| | ) |
| Defendants. | ) |

## ORDER VACATING DISCOVERY STAY
## FOR TARGETED SPOLIATION DISCOVERY

WHEREAS, on October 9, 2020, Defendants, Stack Media Inc. k/n/a JCL2011, Inc. and Nick Palazzo (the "Palazzo Defendants"), moved to stay discovery ("Motion to Stay Discovery");

WHEREAS, on October 30, 2020, Plaintiff, SPay, Inc., opposed the Motion to Stay Discovery;

WHEREAS, on November 23, 2020, the Court granted the Motion to Stay Discovery and entered an order to that effect on December 1, 2020;

WHEREAS, on March 4, 2021, Plaintiff filed a Verified Second Amended Complaint (the "Complaint");

WHEREAS, Defendants filed various motions to dismiss the Complaint (the "Motions to Dismiss");

WHEREAS, on July 30, 2021, Plaintiff brought a Motion for Finding Spoliation and Sanctions (the "Spoliation Motion");

WHEREAS, on August 30, 2021, the Non-Palazzo Defendants[1] filed an Opposition to the Spoliation Motion;

WHEREAS, on August 31, 2021, the Palazzo Defendants filed an Opposition to the Spoliation Motion;

WHEREAS, on September 10, 2021, Plaintiff filed a Reply in Support of the Spoliation Motion;

WHEREAS, on September 28, 2021, the Court held oral argument on Defendants' Motions to Dismiss and Plaintiff's Spoliation Motion; and

WHEREAS, on this date, the Court issued a Memorandum Opinion addressing certain issues raised in the Motions to Dismiss that were not dependent upon the Court's disposition of the Spoliation Motion (the "Memorandum Opinion");

---

[1] The Non-Palazzo Defendants include, naturally, all of the Defendants besides the Palazzo Defendants—P. Jeffrey Lucier Trust, Peter Johnson, Chad Zimmerman, Carl Mehlhope, Josh Staph and Gravitas Securities, Inc.

**NOW, THEREFORE, IT IS HEREBY ORDERED** this __21st__ day of December, 2021, as follows:

1.    The parties dispute whether Palazzo caused the spoliation and destruction of evidence to occur, both as a matter of fact and as a matter of law.[2] Plaintiff asks the Court to make adverse factual inferences against Defendants because of the alleged spoliation, but Delaware law "require[s] a preliminary finding of intentional or reckless destruction of evidence as a predicate to an adverse inference [determination]."[3]   With the factual predicate necessary to make this

---

[2] *See, e.g.*, SPay, Inc.'s Mot. for Finding of Spoliation and Sanctions ("Spoliation Mot.") (D.I. 154) at 2 ("[O]n the very same day of Palazzo's termination as SPay's employee, Palazzo instructed a subordinate employee to completely wipe, delete, and destroy the entire contents of the stack.com email domain belonging to SPay . . . .") (emphasis omitted); Defs. Stack Media Inc. k/n/a JLC2011, Inc.'s and Nick Palazzo's Opp'n to Pl.'s Mot. for Finding of Spoliation and Sanctions (D.I. 164) at 2 ("Plaintiff cannot establish spoliation because Mr. Palazzo did not instruct John Matthew Thompson to delete any emails . . . .  Mr. Palazzo denies telling Mr. Thompson to delete anything, and provides corroborating records . . . ."); *id.* at 8–9 ("Mr. Palazzo had no duty to preserve the stack.com emails because he had no reason to believe or expect SPay's litigation against him was imminent . . . .  Nor did Mundo Media's May 2019 demand alert Mr. Palazzo of a potential claim against *him*. Mundo Media never served a claim on Mr. Palazzo personally."); SPay, Inc.'s Reply in Supp. of its Mot. for Finding of Spoliation and Sanctions (D.I. 167) at 4–5 ("[A]lthough Palazzo's carefully crafted affidavit states 'Mundo Media has never asserted a claim against me,' Palazzo ignores the fact that Mundo initially approached him directly and sent him a 'formal demand letter' and he then engaged in multiple written communications with the receiver outside of Plaintiff's knowledge . . . Palazzo had a second independent duty to preserve because he reasonably anticipated this litigation . . . .").

[3] *Sears, Roebuck & Co. v. Midcap*, 893 A.2d 542, 550 (Del. 2006); *see also id.* at 552 ("An adverse inference [determination] is appropriate where a litigant intentionally or recklessly destroys evidence, when it knows that the item in question is relevant to a legal dispute or it was otherwise under a legal duty to preserve the item.").

3

determination in dispute, granting an adverse inference at this stage would be premature.

2.     Since this litigation is currently at the motion to dismiss stage, Plaintiff argues that if the evidence shows Defendant(s) spoliated evidence, the Court should apply the adverse inference against Defendants now as it considers the sufficiency of the Complaint's allegations under Chancery Rule 12(b)(6).[4]   As the parties acknowledge, whether an adverse inference is justified at the pleading stage presents a novel issue.[5]   That the issue has yet to be decided is not surprising given that a plaintiff is already entitled to favorable inferences at the pleading stage,[6] and rarely

---

[4] Spoliation Mot. at 3 ("[I]n light of SPay's recent discovery of the intentional spoliation of evidence that would further support SPay's claims, which was undertaken to the benefit of all Defendants, SPay . . . respectfully requests, at minimum, an adverse reference with respect to the Court's consideration of the Motions to Dismiss, to the extent necessary.") (emphasis omitted); *id.* at 13–14 ("[T]his Court should assess an adverse inference sanction against Defendants through the motion to dismiss stage and through trial.").

[5] *In re Xura, Inc., S'holder Litig.*, 2018 WL 6498677, at *9 n.92 (Del. Ch. Dec. 10, 2018) ("Delaware courts have yet to decide whether an adverse inference is available to the plaintiff at the pleading stage when responding to a motion to dismiss.").

[6] *See In re Gen. Motors (Hughes) S'holder Litig.*, 897 A.2d 162, 168 (Del. 2006) ("In deciding a motion to dismiss under Rule 12(b)(6), a trial court must accept as true all of the well-pleaded allegations of fact and draw reasonable inferences in the plaintiff's favor."); *id.* ("The complaint generally defines the universe of facts that the trial court may consider in ruling on a Rule 12(b)(6) motion to dismiss."); *VLIW Tech., LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 611 (Del. 2003) ("An allegation, though vague or lacking in detail, is nevertheless 'well-pleaded' if it puts the opposing party on notice of the claim being brought against it.").

can claim (factually) that he was denied access to spoliated evidence that might have been useful to him when he prepared his complaint.

3.     This case, however, presents a unique factual circumstance. Plaintiff alleges that Defendant(s) destroyed emails that, at the time of the spoliation, belonged to Plaintiff and, but for the spoliation, would have been available to Plaintiff when it drafted the Complaint.[7] Under these unique circumstances, I am satisfied that an adverse inference at the pleading stage could be justified should the facts corroborate Plaintiff's accusations.[8] To allow a defendant to spoliate evidence and profit thereby would foster bad policy and violate venerable legal maxims.[9]

4.     Therefore, a decision on the viability of claims and arguments for and against dismissal of claims not specifically addressed in the Memorandum Opinion is reserved pending the completion of discovery regarding the Spoliation Motion. These include:

> a. In Count One, whether Plaintiff has well-pled a fraud claim with the necessary particularity against Defendants;

---

[7] Spoliation Mot. at 4–5 ("[I]t is undisputed that SPay purchased the rights to the stack.com email domain . . . ."); Verified Second Am. Compl. (D.I. 116) ¶¶ 104–05, 181–82, 188–89.

[8] *See Xura*, 2018 WL 6498677, at *9 n.92 ("Some federal courts have held that an adverse inference may be drawn at the motion to dismiss stage.") (collecting cases).

[9] *See Riggs v. Palmer*, 22 N.E. 188, 190 (N.Y. 1889) ("No one shall be permitted to profit by his own fraud, or take advantage of his own wrong, or to found any claim upon his own iniquity, or to acquire property by his own crime.").

b. In Count Two, brought in the alternative to Count One, whether Plaintiff has well-pled that Defendants breached the Asset Purchase Agreement ("APA");

c. In Count Three, also brought in the alternative to Count One, whether Plaintiff has well-pled a breach of contract claim relating to the Restrictive Covenant Agreements against Defendants;

d. In Count Four, whether Plaintiff has well-pled a claim for declaratory judgment;

e. In Count Five, whether Plaintiff has well-pled a claim for breach of contract against Palazzo relating to the Employment Agreement;

f. In Count Six, brought in the alternative to Count Five, whether Plaintiff has well-pled a breach of fiduciary duty claim against Palazzo;

g. In Count Seven, also brought in the alternative to Count Five, whether Plaintiff has well-pled an unjust enrichment claim against the Palazzo Defendants to the extent Palazzo's conduct was not prohibited by an applicable agreement;

h. In Count Eight, whether Plaintiff has well-pled that Defendants breached Section 5.6 of the APA;

i. In Count Nine, brought in the alternative to Count Eight, whether Plaintiff has well-pled conversion against the Palazzo Defendants for withholding emails and bank account information;

j. In Count Ten, whether Plaintiff has well-pled a breach of the APA's forum selection clause against the Palazzo Defendants for the Palazzo Defendants' initiation of allegedly related litigation in New York; and

k. In Count Eleven, whether Plaintiff has well-pled a breach of the APA's claim notice provisions against Defendants, including

6

the effect of Plaintiff's Demand Letter and Defendants' responses to Plaintiff's allegations of damages.

5. These claims are potentially subject to an adverse inference, should the evidence show that Defendant(s) intentionally or recklessly spoliated evidence.

6. The Order Granting Defendants' Motion to Stay Discovery (D.I. 74) is hereby **VACATED**. The parties shall commence discovery on the spoliation issue, but only on this issue, effective immediately. Upon completion of spoliation discovery, the Court will conduct an evidentiary hearing to determine if any or all of the Defendants intentionally or recklessly spoliated evidence. At that point, the Court will also determine whether an adverse inference is justified in considering the Motions to Dismiss. Once this determination is made, the Court will resume its consideration of the Motions to Dismiss.

7. The parties shall confer and submit, on or before January 7, 2022, a proposed scheduling order sequencing discovery relating to, and further submission of, the Spoliation Motion.


                                    */s/ Joseph R. Slights III*
                                    Vice Chancellor

7